IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 2:11-2290 |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| **FERNANDO RIVAS** | ) | |

### General Provisions

This PLEA AGREEMENT is made this  6th  day of December , 2012,

between the United States of America, as represented by United States Attorney WILLIAM N.

NETTLES, Assistant United States Attorney Rhett DeHart; the Defendant, **FERNANDO**

**RIVAS**, and Defendant's Attorney, David McCann, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as

follows:

1.    The Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment now pending,

which charges Production and Transportation of Child Pornography, a violation of Title

18, United States Code, Sections 2251(a) and 2252A(a)(1).  In order to sustain its burden

of proof as to Count 1, the Government is required to prove the following: In or about

2010 and 2011, in the District of South Carolina, the Defendant (A) knowingly used,

persuaded, or coerced; (B) a person under the age of eighteen; (C) to engage in sexually

explicit conduct, including the lascivious exhibition of the genitals and pubic area; (D)

for the purpose of producing visual depictions of such conduct; and (E) such visual

depictions were produced using materials that had been transported in interstate or

foreign commerce.

In order to sustain its burden of proof as to Count 2, the Government is required to prove the following: In or about 2010 and 2011, in the District of South Carolina, the Defendant (A) knowingly transported child pornography; (2) in interstate commerce by any means, including computer.

Penalties

The minimum and maximum penalties for Count 1 are not less than 15 years imprisonment and not more than 30 years imprisonment, a $250,000 fine, lifetime Supervised Release, and a $100 special assessment.

The minimum and maximum penalties for Count 2 are not less than 5 years imprisonment and not more than 20 years imprisonment, a $250,000 fine, lifetime Supervised Release, and a $100 special assessment.

2.    The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing.  The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613.  The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).  The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty.  The Defendant further understands

-2-

that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)   <u>Special Assessment:</u> Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    (B)   <u>Fines:</u> The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining count of the Indictment at sentencing. The Defendant understands that the Court may consider any dismissed count as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4.    By entering this plea of guilty, the Defendant reserves the right, on appeal from the judgment, to review of the adverse determination of his pretrial motion to suppress evidence. The Defendant shall be allowed to withdraw his plea should he prevail on such appeal pursuant to Rule 11(a)(2) of the Rules of Criminal Procedure.

5.    The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the

Government or the United States Probation Office is only a prediction, not a promise, and

is not binding on the Government, the Probation Office or the Court. The Defendant

further understands that the Government retains the right to inform the Court of any

relevant facts, to address the Court with respect to the nature of the offense, to respond to

questions raised by the Court, to correct any inaccuracies or inadequacies in the

presentence report, to respond to any statements made to the Court by or on behalf of the

Defendant and to summarize all evidence which would have been presented at trial to

establish a factual basis for the plea.

6.    The Defendant agrees that all facts that determine his offense level under the Guidelines

and pursuant to any mandatory minimum (including facts that support any specific

offense characteristic or other enhancement or adjustment) can be found by the Court at

sentencing by a preponderance of the evidence standard, and the Court may consider any

reliable evidence, including hearsay. By executing this Agreement, the Defendant

understands that he waives any argument that facts that determine his offense level under

the Guidelines and pursuant to any mandatory minimum should be alleged in an

indictment and found by a jury beyond a reasonable doubt.

7.    The Defendant understands that the obligations of the Government within the Plea

Agreement are expressly contingent upon the Defendant's abiding by federal and state

laws and complying with the terms and conditions of any bond executed in this case.

8.    In the event that the Defendant fails to comply with any of the provisions of this

Agreement, either expressed or implied, it is understood that the Government will have

the right, at its sole election, to void all of its obligations under this Agreement and the

-4-

Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

9.     The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

      (A)     the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

      (B)     all additional charges known to the Government may be filed in the appropriate district;

      (C)     the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(D)    the Government will use any and all information and testimony provided

by the Defendant in the prosecution of the Defendant of all charges.

10.    The Defendant agrees to submit to such polygraph examinations as may be requested by

the Government and agrees that any such examinations shall be performed by a polygraph

examiner selected by the Government.  Defendant further agrees that his refusal to take or

his failure to pass any such polygraph examination to the Government's satisfaction will

result, at the Government's sole discretion, in the obligations of the Government within

the Agreement becoming null and void.

11.    Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and

that cooperation is deemed by the Government as providing substantial assistance in the

investigation or prosecution of another person who has committed an offense, the

Government agrees to move the Court for a downward departure or reduction of sentence

pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, §

3553(e) or Federal Rule of Criminal Procedure 35(b).  The Defendant further understands

that any such motion by the Government is not binding upon the Court, and should the

Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed

by law or refuse to reduce the sentence imposed, the Defendant will have no right to

withdraw his plea.

12.    The parties agree that if the Court determines the Defendant has readily demonstrated

acceptance of responsibility for his offenses, U.S.S.G. § 3E1.1(a) applies, thereby

providing for a decrease of two (2) levels.  In addition, if the Defendant qualifies for a

decrease under § 3E1.1(a), the Government will move that he receive the one level

decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

13.     If the Court finds at sentencing that the 15-year-mandatory minimum sentence as required by Count 1 is greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553, the Government will move to dismiss Count 1, and the Court will sentence the Defendant for Count 2.  Alternatively, if the Court finds that such a 15-year-mandatory minimum sentence, or greater, is justified, the Court will sentence the Defendant for Counts 1 and 2.  The Defendant acknowledges that his advisory Sentencing Guideline range is the same for Counts 1 and 2, and nothing in this paragraph will affect his advisory Sentencing Guideline range.

14.     In return for the dismissal of Count 3, the Defendant agrees to lifetime supervised release.

15.     The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the

-7-

Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

16. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

12/6/12
_____
DATE

Dec 6, 12
_____
DATE

_____
FERNANDO RIVAS, Defendant

_____
David McCann
Attorney for the Defendant


WILLIAM N. NETTLES

-8-

UNITED STATES ATTORNEY

BY:

Rhett DeHart
Assistant U. S. Attorney

12-5-12

DATE