AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| FERNANDO RIVAS | Case Number: 2:11-cr-02290-PMD-1 |
| | USM Number: 23452-171 |
| | David McCann, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to guilty to Counts 1 and 2.

☐ pleaded nolo contendere to count(s) _____which was accepted by the court.

☐ was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2251(a) | Please see indictment | 4/19/11 | 1 |
| 18:2252A(a)(1) | Please see indictment | 4/19/11 | 2 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.

■ Count 3 is dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

September 24, 2013
_____
Date of Imposition of Judgment

_____
Signature of Judge

Patrick Michael Duffy, Senior U S District Judge
Name and Title of Judge

Sept 26, 2013
_____
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: <u>FERNANDO RIVAS</u>
CASE NUMBER: 2:11-cr-02290-PMD-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred eighty (180) months.  Said term to consist of 180 months as to Count One and 180 months as to Count Two, to run concurrently.  The defendant shall pay a $200.00 special assessment fee, due beginning immediately.

■    The court makes the following recommendations to the Bureau of Prisons:  The defendant shall be designated to FCC Butner.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

■    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ■ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3

DEFENDANT: <u>FERNANDO RIVAS</u>
CASE NUMBER: 2:11-cr-02290-PMD-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for LIFE. Said term to consist of LIFE as to each of Counts One and Two, to run concurrently. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision as well as the following special conditions: 1. He shall participate in a program of mental health counseling and/or treatment as deemed necessary by the U S Probation Officer until such time as he is released from the program by the probation officer. The defendant shall contribute to the costs of such mental health treatment not to exceed an amount determined reasonable by the U S Probation Office's sliding scale for services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 2. He shall participate in the Computer/Internet Monitoring Program and abide by the rules of that program as approved by the probation officer. The defendant shall contribute to the costs of such program not to exceed an amount determined reasonable by the U S Probation Office's sliding scale for services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 3. He shall participate in a program of testing and treatment for substance abuse as approved by the US Probation Officer until such time as he is released from the program by the probation officer. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the U S Probation Office's sliding scale for services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 4. The defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the U S Probation Officer. 5. He shall have no unsupervised contact with children under the age of 18, without the approval and consent of the U S Probation Officer. 6. He shall participate in a sex offender treatment program, approved by the U S Probation Officer, which may include physiological and psychological testing. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the U S Probation Office's sliding scale for services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 7. The defendant shall comply with any laws regarding sex offender registration of the state to which he is released. 8. The defendant shall not possess any audio or visual depictions containing sexually explicit conduct as defined in 18 U.S.C.§2256(2)(A). 9. He shall not frequent adult book stores, sex shops, topless bars or locations that act as sexual stimulus. 10. He shall submit to random polygraphs for treatment purposes, as well as compliance to the standard conditions of supervision, to be conducted by any person deemed appropriate by the US Probation Officer as a treatment tool to be used in conjunction with his sex offender treatment program with the following limitations: (A) Answers to questions asked during a polygraph test cannot be used against the defendant in any criminal proceeding other than an action to extend, modify, or revoke supervised release, (B) Information obtained during polygraph testing cannot be made public or released to state or any other prosecuting authorities, and (C) Information obtained during polygraph testing cannot be used in a civil commitment proceeding under state or federal law. The defendant shall make co-payments up to the total costs of the polygraph. These payments shall be made in addition to co-payments made for sex offender treatment and shall be based on the sliding scale.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION CONTINUED ON FOLLOWING PAGE

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Supervised Release

Page 4

DEFENDANT: <u>FERNANDO RIVAS</u>
CASE NUMBER: 2:11-cr-02290-PMD-1

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 5

DEFENDANT: <u>FERNANDO RIVAS</u>
CASE NUMBER: 2:11-cr-02290-PMD-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|           | Assessment | Fine | Restitution |
|-----------|-----------|------|-------------|
| TOTALS    | $200.00   | $    | $           |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
| TOTALS        | $_____ | $_____         |                        |

☐  Restitution amount ordered pursuant to plea agreement    $_____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:
      ☐  The interest requirement is waived for the ☐ fine ☐ restitution.
      ☐  The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Page 6

DEFENDANT: <u>FERNANDO RIVAS</u>
CASE NUMBER: 2:11-cr-02290-PMD-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of <u>$200.00 special assessment fee</u>, due immediately.

☐ not later than _____ , or

☐ in accordance with  ☐ C,  ☐ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.