**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4745**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

  v.

FERNANDO RIVAS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge. (2:11-cr-02290-PMD-1)

---

Submitted: May 30, 2014           Decided: June 3, 2014

---

Before WILKINSON, KING, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. William Nettles, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Rivas appeals his convictions and 180-month sentence imposed after he pled guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a) (2012), and transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (2012).  On appeal, Rivas argues that the district court erred in denying his motion for an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and that his sentence is procedurally and substantively unreasonable.  We affirm.

Rivas argues that he was entitled to a Franks hearing because three paragraphs of the search warrant affidavit contained false or misleading information and that, if those paragraphs had been omitted, the affidavit would have been insufficient to find probable cause.  A defendant challenging the validity of a search warrant is entitled to a Franks hearing if he makes a preliminary showing that: "(1) the warrant affidavit contain[s] a 'deliberate falsehood' or statement made with 'reckless disregard for the truth' and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause."  United States v. Fisher, 711 F.3d 460, 468 (4th Cir. 2013) (quoting Franks, 438 U.S. at 155-56); see United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (defining substantial preliminary

2

showing). A defendant bears a heavy burden to establish the need for a Franks hearing. United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). We review de novo the legal determinations underlying a district court's denial of a Franks hearing and review its factual findings for clear error. United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011).

Here, Rivas falls short of making the substantial preliminary showing that the challenged statements were false or that the affiant included the statements with the intent to mislead the magistrate judge. See Franks, 438 U.S. 155-56; Fisher, 711 F.3d at 468. Furthermore, even assuming that Rivas made the necessary showing, we agree with the district court that the alleged false or misleading statements were not essential to the probable cause determination. See Fisher, 711 F.3d at 468. Therefore, we conclude that the district court did not err in denying Rivas' request for a Franks hearing.

Next, Rivas contends that his sentence is both procedurally and substantively unreasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In so doing, we first examine the sentence for "significant procedural error" ensuring, among other things, that the district court did not "improperly calculat[e] the Guidelines range, . . . fail[] to consider the [18 U.S.C.]

3

§ 3553(a) [(2012)] factors, . . . or fail[] to adequately explain the chosen sentence." Id. at 51. Next, when considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." Id.; see United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (discussing appellate presumption of reasonableness).

Rivas first challenges the district court's decision to apply a two-level enhancement because the offense involved sexual contact. See U.S. Sentencing Guidelines Manual ("USSG") § 2G2.1(b)(2)(A) & cmt. n.2 (2012); see also 18 U.S.C. § 2246(3) (2012) (defining sexual contact). We assume, without deciding, that the district court erred in applying this enhancement but conclude that any such procedural error is harmless. A procedural sentencing error is harmless where this court has "(1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted); see United States v. McManus, 734 F.3d 315, 318 (4th Cir. 2013) (stating that procedural "[s]entencing error is harmless if the resulting sentence is not longer than that to

4

which the defendant would otherwise be subject") (internal quotation marks and brackets omitted).

Here, Rivas was sentenced to 180 months' imprisonment, the statutory mandatory minimum sentence set forth in 18 U.S.C. § 2251(e) (2012). Thus, even if the district court had sustained Rivas' objection to the two-level enhancement, we can conclude with confidence that the district court would have imposed the same mandatory minimum 180-month sentence. Moreover, Rivas' substantial downward variance sentence is reasonable because it took into account Rivas' mitigating arguments. Accordingly, we conclude that any error on the part of the district court in applying the § 2G2.1(b)(2)(A) enhancement is harmless.

Next, Rivas contends that the district court erred by imposing a two-level enhancement pursuant to USSG § 2G2.1(b)(3) and a five-level enhancement pursuant to USSG § 2G2.2(b)(3)(B) based on Rivas' distribution of child pornography because there was no evidence presented that he ever distributed child pornography.[*] Distribution is defined as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of

---

[*] Rivas does not challenge any other aspect of the enhancement in USSG § 2G2.2(b)(3)(B). See McManus, 734 F.3d at 319 (discussing proof required to trigger enhancement).

5

material involving the sexual exploitation of a minor." USSG § 2G2.1 cmt. n.1; USSG § 2G2.2 cmt. n.1. Because Rivas admitted at the plea hearing that he had possessed, transported, and produced child pornography, the district court did not err in imposing the distribution enhancements.

Further, Rivas argues that his sentence is procedurally unreasonable because the court failed to properly consider the 18 U.S.C. § 3553(a) factors. Rivas' contention is belied by the record. The district court clearly stated that it had considered the § 3553(a) factors when imposing Rivas' sentence and specifically mentioned the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, and the need to avoid unwarranted sentencing disparities. We therefore conclude that the district court did not commit procedural error in this regard.

Finally, Rivas contends that his sentence is substantively unreasonable because the district court did not give sufficient weight to his arguments for a lower sentence. However, after considering Rivas' arguments about his childhood, his lack of criminal history, and the seriousness of the offense, the district court determined that a well-below-Guidelines sentence of 180 months was appropriate. Therefore, we conclude that Rivas' sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>