UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:11-2290-BHH |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| FERNANDO RIVAS | ) | |
| | ) | |

Defendant Fernando Rivas ("Rivas") has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), relying in part on the threat posed by the novel coronavirus, COVID-19. (ECF No. 171.) He contends that he is at heightened risk for severe injury or death from the novel coronavirus, COVID-19, due to his age (68 years old), chronic hypertension, sleep apnea, and severe allergies which hinder his respiratory system; he requests a reduction in sentence based upon extraordinary and compelling circumstances, and that he be immediately released to live with his wife in Ladson, South Carolina. (*See id.* 5–6.) The Government makes no argument that Rivas has failed to exhaust his administrative remedies (*see* ECF No. 177) after having been specifically instructed by the Court to indicate whether the jurisdictional requirements of § 3582(c)(1)(A) were satisfied (*see* ECF No. 173). Accordingly, the Court proceeds with the understanding that the Government concedes that Rivas has exhausted his administrative remedies.

## BACKGROUND

On December 6, 2012, Rivas plead guilty to production of child pornography and transportation of child pornography in violation of 18 U.S.C. §§ 2251 and 2252. (*See* Presentence Investigation Report ("PSR") ¶ 4, ECF No. 99.) Based on an offense level of 43 and a criminal history category of I, Rivas' guideline imprisonment range was 600

1

months. (PSR ¶ 85.) Prior to sentencing, Rivas' trial counsel filed a motion for downward variance. The Court granted the variance motion and sentenced Rivas to the mandatory minimum of 180 months' imprisonment on September 24, 2013. (Sentencing Tr. at 68–70, ECF No. 133; J., ECF No. 121; Am. J., ECF No. 137.) Rivas filed a direct appeal with the Fourth Circuit, and his conviction and sentence were affirmed on June 3, 2014. *United States v. Rivas*, 575 F. App'x 104 (4th Cir. 2014). Rivas filed a motion to vacate pursuant to 28 U.S.C. § 2255 on October 4, 2015 (ECF No. 143), which the Court denied on October 19, 2016 (ECF No. 167).

### ANALYSIS

The Government argues that Rivas' request for a sentence reduction should be denied because he has not established that "extraordinary and compelling reasons" support such a reduction, and because he has not met his burden to show that a reduction is warranted in light of the danger that he would pose to the community and the relevant factors itemized in 18 U.S.C. § 3553(a). (*See* ECF No. 177 at 10–15.)

The Court agrees that Rivas is not entitled to a reduction in sentence under § 3582(c)(1)(A). Numerous courts have found that "extraordinary and compelling reasons" support inmates' release based upon the combination of dire prison conditions related to the spread of COVID-19 in a confinement facility and an inmate's underlying health condition(s)—including hypertension—that the Center for Disease Control has indicated increase the likelihood of severe illness or death from COVID-19. *See, e.g.*, *United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and conditions at FCI Danbury). Nevertheless, even assuming that Rivas'

2

health conditions, in conjunction with the COVID-19-related prison conditions at FCI Seagoville, Texas, constitute extraordinary and compelling circumstances that might otherwise justify a reduction in sentence, the Court finds that such a reduction would be wholly inappropriate in this case. The U.S. Sentencing Commission has not amended its applicable policy statement, USSG §1B1.13, since the First Step Act changed the procedures applicable to compassionate release requests and granted prisoners the ability to bring such requests on their own, rather than such requests being limited to motions brought by the Bureau of Prisons ("BOP"). However, the considerations in §1B1.13 are still relevant to the Court's evaluation of the merits of a compassionate release motion and the Court must first find that the defendant no longer poses a danger to the safety of another person or to the community before granting a reduction in sentence. *See* USSG §1B1.13(2). Here, the Court is unable to make such a finding. Rivas' child pornography offenses were of the worst kind, involved victims as young as 4 years old, and led to a guidelines imprisonment range of 600 months. (*See* PSR.) Rivas already received an extraordinarily generous variance when Judge Duffy sentenced him to 180 months, the mandatory minimum. Moreover, the Court finds that the § 3553(a) factors counsel against a sentence reduction in this case—in particular, the nature and circumstances of Rivas' offenses and the need for the sentence to reflect the seriousness of those offenses, to provide just punishment, and to protect the public from further crimes of the defendant. Accordingly, Rivas' motion for compassionate release is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

July 2, 2020
Charleston, South Carolina

3